UNITED STATES DISTRICT COURT FOR
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA, :
:
Plaintiff, :
:
vs. : Criminal Case No: 10-851
:
JULIO PORRAO, :
:
Defendant. :
:

## STATEMENT OF THE CASE

Mr. Porrao is one of fourteen defendants charged in the Second Superseding Indictment (the "indictment") filed in this matter.

The indictment contains 103 counts yet Mr. Porrao is only charged in 12 counts. Mr. Porra is charged under the indictment with the following: count 3, extortion, conspiracy; count 18-25, extortion; count 26, attempted extortion; count 85 extortion; and count 86, attempted extortion. Only in count 3 is he charged with numerous other co-defendants, specifically 11 co-defendants for allegations of extortion conspiracy against ILA union members from December 1982 through January 2011. However, tellingly, on the remaining 11 counts, which contain the actual specific allegations of extortion against Mr. Porrao upon which the overly broad conspiracy count is based, Mr. Porrao is only charged with co-defendant Tommy Leonardis and the allegations span only two years and one month, December 2007 through January 2010, rather than the 28 years one month and eleven other co-defendants contained in count 3, the conspiracy count.

Specifically, count 18 charges Mr. Porrao and Mr. Leonardis with extortion against John Doe #4 over a two month period, December 2009 through January 2010.

Counts 20, 21, and 22 charge Mr. Porrao and Mr. Leonardis with extortion against John Doe #5 for three separated two month periods, December 2007 through January 2008, December 2008 through January 2009, and December 2009 through January 2010. Counts 23, 24, and 25 charge Mr. Porrao and Mr. Leonardis with extortion against John Doe #6 for a three separate two month periods, December 2007 through January 2008, December 2008 through January 2009, and December 2009 through January 2010. Count 26 charges Mr. Porrao and Mr. Leonardis with attempted extortion against John Doe #7 for a two month period, December 2007 through January 2008. Finally, counts 85 and 86 charge Mr. Porrao and Mr. Leonardis with extortion and attempted extortion respectively against John Doe #27 for two separate two month periods, December 2008 through January 2009, and December 2009 through January 2010.

Mr. Porrao was arrested at his home in Florida. He has an appearance before a Florida Federal District Court where he was released. He made travel plans and he voluntarily traveled to New Jersey where he was arraigned on the indictment.

## RULE 14 MOTION TO SEVER MR. PORRAO'S TRIAL FROM HIS CO-DEFENDANTS

Defendant, Julio Porrao, by and through the undersigned counsel, pursuant to Rule 14, Federal Rules of Criminal Procedure, moves for the Court to sever his trial from the trial of his co-defendants in the above captioned matter. Mr. Porrao will not be able to receive a fair trial if he stands trial with the co-defendants before the same jury.

Rule 14 severance is appropriate after a defendant meets the two-part test set forth by the United States Supreme Court in Zafiro v. United States, 506 U.S. 534, 113 S. Ct. 933 (1999). First, the defendant must show prejudice and second that a trial right of

a defendant will be compromised or the jury will not be able to make a reliable judgment as to guilt or innocence. Each of the defendant's actions and omissions differ from those of the other defendant in the Indictment. Unfair prejudice will result from a confused jury being unable to attribute individual actions against any one defendant or the other. Furthermore, the highly inflammatory allegations against some co-defendants will unfairly prejudice Mr. Porrao. The pre-trial press alone has been sufficient to generate prejudice if a Rule 14 severance is not granted.

In sum, other than the overreaching conspiracy charge Mr. Porrao is only charged with one codefendant, Mr. Leonardis, with extortion or attempted extortion against a total of five individuals, over a total of three Christmas holiday periods from December 2007 through January 2010. Thus, the specifics do not support Mr. Porrao being involved in any conspiracy over many decades and involving numerous co-defendants as is alleged in count 3 of the indictment. However, even taking count three on its face Mr. Porrao will not receive a fair trial and will be severely prejudiced if his case is not severed from the 14 co-defendants and the factual and legal arguments addressing the 91 counts for which he is not charged.

Furthermore, numerous allegations against various co-defendants that are not made against Mr. Porrao are highly inflammatory. If his case is not severed from the co-defendants, Mr. Porrao, a former dock supervisor, not even alleged to have held any union position much less be affiliated or part of any organized crime family, will have a jury deciding upon his guilt or innocence who is also hearing evidence against alleged Genovese crime family associates and soldiers. The indictment describes the Genovese crime family as a criminal enterprise that is part of La Cosa Nostra, known by lay persons as the mafia, a five to six family criminal enterprise controlling New York City

and surrounding area. See Indictment Paragraphs 1-12. The indictment further alleges and describes the Genovese crime family having a highly organized hierarchy with a defined boss, underboss, consigliere, captain or soldier all with allegiance sworn to the family on penalty of death, expectations that they must carry out acts of violence including "...murder and assault..." and a "...commitment to murdering persons...." See Indictment Paragraphs 1-12. While all allegations are just that, allegations, the specific allegations against Mr. Porrao will get lost in the tangle of more serious and highly inflammatory allegations against many of the thirteen co-defendants with 103 counts and their alleged membership and involvement in what the Indictment describes in sum as a murderous criminal enterprise. Furthermore, Mr. Porrao should also be severed from the trial of his co-defendants in this case because he will be unduly prejudiced by the enormous pretrial publicity labeling his co-defendants as mafia members who are part of one of the most well known and feared mafia crime families in the country.

A "Google" search for Mr. Porrao's name already produces many links and stories to about the supposed "...Christmas longshoremen mob shakedowns," "...massive indictment against N.J. defendants in mob takedown," "Julio Porro << Hollywood Goodfella" and referenced on "mafiatoday.com." See Exhibit A attached hereto the first two pages of search results for Julio Porrao. Thus, despite the allegations in the indictment having no reference to Mr. Porrao being associated with or being part of the Genovese crime family, the lines have already been blurred.

Even mainstream media is widely reporting on the story calling Mr. Porrao one of "three more reputed mobsters...[arrested]...as part of the largest Mafia roundup in the history of the New York/New Jersey area." See Exhibit B, paragraph 1, attached hereto,

a true and accurate copy of the December 15, 2011 Cliffviewpilot article, the third Google link from a search of Mr. Porrao's name.

The media frenzy is spurred on by the U.S. Attorney himself, Mr. Eric Holder, who is quoted by the Star Ledger as stating that "[w]e have charged mob associates and mob bosses alike," links to alleged double murders inside a Woodhaven Queens bar and "mafia movie-like nicknames, such as Baby Fat Larry, Junior Lollipops and The Claw." See Exhibit C attached hereto, a true and accurate copy of NJ.com's print of the Newark Star Ledger's article, the final link on page one of a Google search of Mr. Porrao's name.

The "mob" allegations in the Indictment related to co-defendants, not Mr. Porrao, and the resulting media frenzy, make it impossible for Mr. Porrao to receive a fair trial if his case is not severed from the co-defendants. Joiner of the defendants in this case is prejudicial and will continue to be prejudicial during trial. As such, severance of joined defendants is necessary to avoid unfair prejudice.

If Mr. Porrao's case is not severed from the co-defendants it will confuse the jury and make it unreasonably difficult for the jury to divest the alleged individual actions and charges against Mr. Porrao from the multitude of high visibility defendants and 91 counts in which he is not charged. Mr. Porrao will be unduly prejudiced by admission of evidence of the Genovese crime family and their associates, their alleged actions, and the 91 counts in which Mr. Porrao isn't charged. In sum, it would unfairly prejudice Mr. Porrao if severance is not granted. The charges and evidence in this case are such that if Mr. Porrao is tried with the codefendants, there is a serious risk that the jury will be unable to make a reliable determination of his innocence or guilt and he will not receive a fair trial. Evidentiary determinations applicable to certain co-defendants may not be applicable to others. The trail will be unmanageable and the prejudice unavoidable.

For the foregoing reasons, defendant Julio Porrao respectfully ubmits severance from the trial of his co-defendants is mandated.

### MOTION TO COMPEL DISCOVERY OF ALL EXCULPATORY/BRADY EVIDENCE, EARLY DISCOVERY OF JENCKS ACT MATERIAL, AND FULL CERTIFIED COMPLIANCE WITH RULE 16 DISCOVERY.

Pursuant to the Federal Rule of Criminal Procedure 16 Mr. Porrao demanded, and is entitled to discovery, including all exculpatory and mitigating evidence and/or information that could reasonable lead to the discovery of relevant or mitigating evidence and discovery materials as enumerated in the above cited Rules. Pursuant to Brady v. Maryland, 373 U.S. 83(1963); Giglio v. United States, 405 U.S. 150 (1972); and their progeny, Mr. Porrao is also entitled to any evidence, document or information in the United States Attorney's Office's possession, or in the investigating and/or arresting authorities possession including any entity working with the United States Attorney's Office as part of any joint prosecution or joint task force. The duty extends to evidence that is known or with due diligence be known, that is favorable to Mr. Porrao, exculpates Mr. Porrao, or tends to establish a defense or part of a defense.

Furthermore, to properly prepare for a case of this scope and breadth it is necessary for all discovery, including Jencks Act materials under 18 U.S.C. § 3500, et. seq., to be produced early. This case has numerous agencies, Federal and State agencies, involved in its investigation and prosecution. Furthermore the shear scope of the charges and number of defendants make it imperative that discovery be disclosed early. Simply put to wait, risks delay at or during trial and discovery of missing discovery after witnesses have been presented prejudicing Mr. Porrao.

Discovery in a case such as that case at bar with extensive long term investigations by multiple law enforcement agencies is too important to be left to later

disclosure and dispute. Accordingly, Defendant Julio Porrao respectfully requests that the Court Order full and immediate discovery of all Rule 16, exculpatory/<u>Brady</u> material and Jencks Act material.

### MOTION FOR LEAVE TO JOIN THE MOTIONS OF CO-DEFENDANTS

Until his case is severed from co-defendants, Mr. Porrao respectfully joins in the motions of co-defendants to the extent they do not conflict with his own or his interests.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defendant Julio Porrao respectfully request leave to file additional motions as may become necessary as a result of ongoing discovery, and based upon any newly discovered evidence or facts.

### CONCLUSION

For the foregoing reasons Defendant, Julio Porrao, respectfully requests his motions be granted.

Respectfully Submitted,
Hassing & Defilippis, LLP

By: /s/Erik A. Hassing
Attorney for Julio Porrao

Dated: May 23, 2012